### STEWART v. BOSTON & M. R. R.

(District Court, D. New Hampshire. February 24, 1916.)

No. 171.

NEW TRIAL ☞71—GROUNDS—WEIGHT OF EVIDENCE.

In an action for personal injuries, a verdict for defendant would not be set aside, though regarded by the District Judge as wrong, where there was a substantial conflict in the evidence, and the jury could reasonably have found for defendant.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. ☞71.]

At Law. Action by Thomas Stewart against the Boston & Maine Railroad. Verdict for defendant, which plaintiff moves to set aside. Motion denied.

Hollis & Murchie, of Concord, N. H., for plaintiff.

Streeter, Demond, Woodworth & Sulloway, of Concord, N. H., for defendant.

ALDRICH, District Judge. This case was tried by jury. The plaintiff claimed that his foot was caught between the rail and planking of the Boston & Maine Railroad track in the city of Manchester, and that he was unable to extricate himself; that he gave an outcry and a warning to a train which was approaching at a low rate of speed; that the railroad people were careless in not discovering him and stopping; and that they ran over him and cut off both feet. The railroad claimed that the man's foot was not caught in the rail, but that he was standing beside the track and that he was struck by the moving train; that he was careless, and that the railroad was not careless.

There was a conflict in the evidence upon the question as to how the thing happened. The jury found for the defendant, and, in order to make that finding, the jury must have accepted the defendant's theory.

The plaintiff seasonably moved to set aside the verdict on the ground that it was against the evidence or the weight of the evidence, and upon the ground of newly discovered evidence.

I felt at the time the verdict was rendered that the plaintiff's claim as to how the injury occurred was the correct one, and that the verdict should have been the other way. Yet there was a substantial conflict in the evidence, and reckoning witnesses by numbers I can see that the jury could reasonably enough have found for the defendant. So there is nothing under the doctrine of preponderance of evidence or weight of evidence which would warrant me in disturbing the verdict on that ground, and while I think the finding was wrong, I find nothing to justify me in granting the motion to set the verdict aside.

An additional ground urged for setting aside the verdict is newly discovered evidence.

Proofs of the newly discovered evidence are presented in the form of affidavits. I am going to do, perhaps, what is an unusual thing, decline to decide this question as a question of fact and say what the probable effect of the new evidence would be upon a new trial, and rule as a matter of law that the newly discovered evidence is not of sufficient potentiality to warrant an order granting a new trial. I do this for the purpose of giving the plaintiff an opportunity to raise questions for the Circuit Court of Appeals, if under the circumstances it can become a question of law.